IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PERRY PATTON, #106170                                    PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:09cv6-DCB-MTP

M.D.O.C., et al.                                         DEFENDANTS


OPINION and ORDER

On January 20, 2009, the plaintiff filed a complaint [1]
pursuant to 42 U.S.C. § 1983 and requested in forma pauperis
status [2]. This court entered two orders in this action on
January 21, 2009.  One order [3] advised the plaintiff about the
Prison Litigation Reform Act and directed the plaintiff to sign
and return to this court an Acknowledgment of Receipt and
Certification (Form PSP-3) if he wished to continue with this
lawsuit or a Notice of Voluntary Dismissal (Form PSP-4) if he did
not wish to continue with this lawsuit within 30 days. The other
order [4] entered on January 21, 2009, directed the plaintiff to
file a completed application to proceed in forma pauperis,
specifically the section entitled "Certificate to Be Completed by
Authorized Officer" of prison accounts or to file an affidavit
specifically stating the name of the prison official contacted
concerning the certificate and why this information is not
provided to this court within 30 days. The plaintiff was warned
in both of these orders that if he failed to comply with the
orders in a timely manner this case could be dismissed.

The envelope [6] containing these order was returned to this court on February 9, 2009, with a notation "return – refused mail." Out of an abundance of caution, on March 19, 2009, the plaintiff was ordered to show cause in writing, on or before April 3, 2009, why this case should not be dismissed for his failure to comply with this court's orders [3 & 4] of January 21, 2009. The plaintiff was warned in the order [7] of March 19, 2009, that if he did not comply with the order his case would be dismissed without prejudice and without further notice to him. The plaintiff failed to comply with this order or otherwise to contact this court concerning the instant civil action.

The plaintiff has failed to comply with three court orders. It is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim. This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending

cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 14th day of May, 2009.


                                    s/David Bramlette
                                    UNITED STATES DISTRICT JUDGE