IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PERRY PATTON, #106170                                              PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 5:09cv6-DCB-MTP

M.D.O.C., et al.                                             RESPONDENTS

ORDER

This matter is before the Court on the Plaintiff's motion [11] which has been docketed and appears to be a request for reconsideration of the dismissal of the instant civil action. According to the record, the Plaintiff filed his complaint [1] on January 20, 2009. On February 9, 2009, the envelopes [5 & 6] containing the notice of assignment and the copies of the orders [3 & 4] were returned by the postal service with a notation "refused." An order to show cause [7] was then entered on March 19, 2009, directing the plaintiff to response on or before April 3, 2009. The envelope [8] containing the order [7] was then returned by the postal service with a notation "refused - inmate refused delivery." When the plaintiff failed to contact this court concerning the instant civil action and failed to comply with the orders of this Court, an opinion and order [9] and final judgment [10] was entered on May 14, 2009, dismissing the instant civil action. Having reviewed the motion [11] as well as the amended complaint [12], this Court comes to the following conclusion.

Although a "motion for reconsideration" is not explicitly recognized by the FEDERAL RULES OF CIVIL PROCEDURE, a litigant's request for such relief is evaluated as a motion "to alter or amend judgment" under Rule 59(e) or as motion for "relief from judgment" under Rule 60(b). See Rogers v. KBR Technical Services, Inc., 2008 WL 2337184, *5 (5th Cir. June 9, 2008)(citing Lavespere v. Niagara Mach. & Tool Works, 910 F.2d 167, 173 (5th Cir.1990),

abrogated on other grounds). When a "motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." Shepherd v. Int'l Paper Co., 372 F.3d 326, 327 n.1 (5th Cir. 2004). Because this Court finds that this motion [11] was filed more than 10 days from the entry of the judgment, it will be construed as one filed pursuant to Rule 60(b).

Liberally construing the allegations of the document referred to as a motion to reconsider [11], this Court finds that the allegations are unclear and confusing and the plaintiff simply fails to explain the reason for his refusal to receive the mail sent to him by the Court. As a result of the plaintiff refusing this Court's mail, he failed to receive and comply with the orders of this Court which caused the instant civil action to be dismissed without prejudice for failure to comply with the order of this Court. See Final Judgment [10].

This Court finds that a party seeking relief under Rule 60(b) must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b). Plaintiff does not assert any of the grounds required by Rule 60(b). With that in mind, this Court has determined that the Plaintiff has failed to provide justification for altering the previous ruling of the Court. Therefore, the Plaintiff's motion to reconsider [11] pursuant to Rule 60(b) is not well-taken and will be denied. Accordingly, it is,

ORDERED AND ADJUDGED that the Plaintiff's motion [11] for relief pursuant to Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE is **denied**.

IT IS FURTHER ORDERED that this Court finds that the instant civil action was inadvertently docketed as a petition for habeas relief [1] instead of a complaint. Therefore, the Clerk is directed to remove the habeas flag from the docket.

SO ORDERED AND ADJUDGED this the ___15th___ day of July, 2009.

                                                            s/ David Bramlette
                                         UNITED STATES DISTRICT JUDGE